Carroll *v*. Potter.

CHARLES H. CARROL▓▓▓D LUCIUS LYON *v*. POTTER *et al*.

Where the alleged fraud set up in defence of a bill, consists of a variety of circumstances, it should be taken advantage of by answer, and not by plea.

An assignee of a contract cannot insist upon fraud used in the making of the contract on the party under whom he claims.

HEARING on a plea.

*C. Dana*, in support of the plea.

*Church & Johnson*, contra.

THE CHANCELLOR.   The plea must be overruled.   It is bad on several accounts.   It is multifarious, or double. *First*, it sets up fraud on the part of Carroll and Lyon in the contract they entered into with Winsor, for the purpose of avoiding that contract; and, *Secondly*, it states that that contract was annulled.   The alleged fraud consists of a variety of circumstances; and, where that is the case, the defence should be made by answer and not by plea, as the examination in proof of the fraud must still be at large, and the effect of allowing a plea in such case would be to have the judgment of the Court on the circumstances of the case, before they were proved.   *Coop. Eq. Pl.* 223.

There is a still further objection to the facts and circumstances stated in the plea.   They do not appear to me to be a good defence to the bill.   As assignee of the contract, Calkins cannot insist upon the fraud.   Besides, he purchased the mortgaged premises of Macy, and took a deed from him, subject to the mortgage.

Plea overruled.